**Not For Publication**                                              **CLOSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REYNALDO ROSARIO, | |
| Petitioner, | Civil Action No. 00-4239 (FSH) |
| v. | **OPINION & ORDER** |
| UNITED STATES OF AMERICA, | August 28, 2006 |
| Respondent. | |

**Hochberg, District Judge:**

      This matter having come before the Court upon Petitioner *pro se's* Motion to Reopen Petitioner's 28 U.S.C. § 2255 Motion.

      The Court having reviewed the submissions of the parties in accordance with Fed. R. Civ. P. 78, and for good cause, and

      it appearing that Petitioner filed a petition for relief under 28 U.S.C. § 2255 ("Section 2255") on August 30, 2000, which was denied by the Honorable Alfred M. Wolin, United States District Court, on March 7, 2001, and

      it appearing that Petitioner's Motion to Reopen his initial Section 2255 motion was filed pursuant to Fed. R. Civ. P. 60(b), and

it appearing that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a second or successive Section 2255 motion to be certified by the Third Circuit Court of Appeals,[1] and

it appearing that Petitioner's motion constitutes a second or successive Section 2255 motion,[2] and

it appearing that the issues raised in Petitioner's motion have not been certified by the Third Circuit in accordance with the AEDPA.

---

[1] The AEDPA requires the Third Circuit to certify that a second and successive Section 2255 Motion contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255; *see also* 28 U.S.C. 2244(b)(3) (setting forth the protocols for successive habeas corpus applications in the court of appeals).

[2] The fact that Petitioner filed this motion under Fed. R. Civ. P. 60(b) does not allow him to circumvent the AEDPA's requirements. When a petitioner, having already filed an unsuccessful habeas corpus challenge to his conviction and sentence, files a Rule 60(b) motion attacking that conviction - rather than attacking the manner in which the earlier habeas judgment was procured - the Rule 60(b) motion will be treated as a second and successive petition under the AEDPA. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (holding that when a Rule 60(b) motion seeks to "collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition"); *United States v. Tam*, Civ. No. 03-0141, 2005 U.S. Dist. LEXIS 3154, *4 (E.D. Pa. Mar. 1, 2005) (denying a Rule 60(b) motion raising *Booker* issues because movant failed to satisfy the AEDPA requirements regarding certification of a second Section 2255 motion). Petitioner's 60(b) motion argues that the Sentencing Guidelines, under which his sentence was decided, are invalid under the reasoning of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004). Accordingly, Petitioner's motion attacks the validity of his conviction and must be considered a second and successive Section 2255 petition under the AEDPA. *Pridgen*, 380 F.3d at 727; *Tam*, 2005 U.S. Dist. LEXIS 3154, *4; *see also In re Olepade*, 403 F.3d 159 (3d Cir. Apr. 11, 2005) (denying petitioner's request to file a second or successive habeas corpus petition because *United States v. Booker* - the Supreme Court's most recent Guideline's decision - is not retroactively applicable to cases on collateral review).

It is on this 28th day of August 2006,

**ORDERED** that Plaintiff *pro se's* Motion to Reopen his § 2255 Motion is **DENIED**.


        /s/ Faith S. Hochberg
Hon. Faith S. Hochberg